KLEIN, J.
Appellant was convicted of attempted second degree murder as a result of a domestic violence incident. Appellant hit the victim with a hammer, stabbed her with a knife, and attempted to cut her throat.
The victim testified, in response to general questions about her injuries, that she had been pregnant with appellant’s baby and that it had been necessary, as a result of the attack, to terminate the pregnancy in order to save her life. This was supported by the medical testimony.
Appellant argues that the evidence of the victim’s pregnancy was inadmissible and highly prejudicial; however, after appellant objected to the testimony the prosecutor agreed not to pursue it further. Because appellant’s objection was, in effect, sustained when the prosecutor agreed not to pursue it further, and there was no motion for mistrial, this issue was' not preserved.
Appellant next argues that the trial court improperly allowed him to be cross-examined regarding the fact that he had been ordered to stay away from the victim because of prior domestic violence. Appellant, however, was charged with attempted premeditated first degree murder and contended that he acted in self-defense. The evidence was therefore relevant to the issue of intent. Sired v. State, 399 So.2d 964 (Fla.1981)(prior difficulties between defendant and victim relevant to issue of premeditation); Wuornos v. State, 644 So.2d 1000 (Fla.1994)(evidence of similar crimes admissible to rebut defendant’s evidence as to her intent and whether she acted in self-defense). Nor did the court err in not instructing the jury on the limited purpose of the evidence of prior violence. Section 90.404(2)(b)2 requires such an instruction only if it is requested, and it was not in this case. Affirmed.
SHAHOOD, JJ., and SILVERMAN, SCOTT J., Associate Judge, concur.